IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOMINIQUE AURTHERALLEN HAMILTON,<br><br>Defendant. | CR 19-04-H-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Dominique Aurtherallen Hamilton (Hamilton) has been accused of violating the conditions of his supervised release. Hamilton admitted alleged violation 3. The Court dismissed alleged violations 1 and 2 on the government's motion. Hamilton's supervised release should be revoked. Hamilton should be placed in custody for 5 months on Count 1, with 55 months of supervised release to follow. Hamilton should be placed in custody for 5 months on Count 2, with 7 months of supervised release. The periods of custody and supervised release on Counts 1 and 2 should run concurrently. Hamilton should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. Hamilton should serve the next 180 days of supervised release at a residential re-entry

center.

## II. Status

Hamilton pleaded guilty to Bank Fraud and Aggravated Identity Theft on June 5, 2019. (Doc. 24). The Court sentenced Hamilton to 25 months of custody, followed by 5 years of supervised release. (Doc. 62). Hamilton's current term of supervised release began on August 13, 2021. (Doc. 79 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on April 26, 2023, requesting that the Court revoke Hamilton's supervised release. (Doc. 79). The Amended Petition alleged that Hamilton had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by committing another crime; and 3) by using fentanyl.

**Initial appearance**

Hamilton appeared before the undersigned for his initial appearance on the Amended Petition on May 16, 2023. Hamilton was represented by counsel. Hamilton stated that he had read the petition and that he understood the allegations. Hamilton waived his right to a preliminary hearing. The parties consented to proceed before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 16, 2023. Hamilton admitted that he had violated the conditions of his supervised release by using fentanyl. The Court dismissed alleged violations 1 and 2 on the government's motion. The violation that Hamilton admitted is serious and warrants revocation of Hamilton's supervised release.

Hamilton's violation is a Grade C violation. Hamilton's criminal history category is III. Hamilton's underlying offenses are Class B and Class E felonies. Hamilton could be incarcerated for up to 36 months. Hamilton could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Hamilton's supervised release should be revoked. Hamilton should be placed in custody for 5 months on Count 1, with 55 months of supervised release to follow. Hamilton should be placed in custody for 5 months on Count 2, with 7 months of supervised release. The periods of custody and supervised release on Counts 1 and 2 should run concurrently. Hamilton should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. Hamilton

3

should serve the next 180 days of supervised release at a residential re-entry center. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Hamilton that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Hamilton of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Hamilton that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Hamilton stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a Judge Morris.

The Court **FINDS:**

> That Dominique Autherallen Hamilton violated the conditions of his by using fentanyl.

The Court **RECOMMENDS:**

> That the District Court revoke Hamilton's supervised release and commit Hamilton to the custody of the United States Bureau of Prisons for 5 months on Count 1, with 55 months of supervised release to follow. The District Court should commit Hamilton to the custody of the United States Bureau of Prisons for 5 months on Count 2, with 7 months of supervised release to follow. The periods of

4

custody and supervised release on Counts 1 and 2 should run concurrently. Hamilton should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. Hamilton should serve the next 180 days of supervised release at a residential re-entry center.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of May, 2023.

John Johnston
United States Magistrate Judge

5